Filed 9/1/15  P. v. Moreau CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>KEVIN MICHAEL MOREAU,<br><br>   Defendant and Appellant. | F068592<br><br>(Kern Super. Ct. No. RF006496A)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Susan L. Jordan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

* Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant/defendant Kevin Michael Moreau was charged with committing two counts of criminal threats (Pen. Code, § 422). The criminal proceedings were suspended because he was found not competent to stand trial, and he was committed to Patton State Hospital. The court granted a petition to involuntarily administer antipsychotic medication to him, and he filed a notice of appeal from that order.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On December 19, 2012, defendant left a message on the voicemail for the chief of police for the Ridgecrest Police Department. Defendant identified himself and said: "I'm gonna come up there and, um, visit you guys. I won't be able to do that before Christmas, but I will be comin' up there to visit you guys and you know what, I was in Tex-um, entertaining the same um, the same thing that the guy in Connecticut, New Town, Connecticut, uh, did. Okay? So you guys have a Merry Christmas and a Happy New Year." Defendant left his telephone number and asked them to "call me." Defendant also told a dispatcher that "if he came to Ridgecrest he would fucking kill us all."

On December 21, 2012, a felony complaint was filed charging defendant with two counts of committing criminal threats against the police chief and the officers of the police department.

### Competency Proceedings

On December 27, 2012, defendant appeared in court with his appointed counsel. Based on counsel's statements, the court declared a doubt as to defendant's competency, suspended the proceedings, and appointed an expert to examine defendant.

On January 17, 2013, the court continued the matter because of the expert's inability to timely complete the examination. Defendant made a *Marsden* motion.[1] The court heard and denied the motion.

On January 31, 2013, the court reviewed the expert's report, which stated defendant was not competent to stand trial. The parties submitted the matter. The court agreed with the expert's conclusion, found defendant was not competent, and referred him to the Kern County Mental Health Department for a placement evaluation pursuant to Penal Code section 1370.

On March 7, 2013, the court reviewed the evaluations from two experts with the mental health department, who concluded defendant was competent. In the alternative, the experts recommended that defendant be confined to Patton State Hospital for further treatment and restoration to competency.

Defense counsel objected because the mental health department was not authorized to conduct another evaluation. The court agreed with defense counsel and disregarded the new evaluations. The court again found defendant was not competent to stand trial, and ordered him transferred to Patton State Hospital for treatment and restoration of competency. Defense counsel advised the court that defendant was voluntarily taking medication and would continue to do so.[2]

**Petition for Involuntary Administration of Medication**

On October 2, 2013, the state filed a petition for an order to compel involuntary treatment of defendant with psychotropic medication. The petition was based on a declaration from Dr. Jeffrey Lawler, a psychiatrist and defendant's treating physician at

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118

[2] According to appellate counsel, on July 15, 2013, defendant filed a notice of appeal as to the court's finding on March 7, 2013, that he was not competent to stand trial. Counsel states that the superior court rejected the notice of appeal as untimely, and that defendant did not challenge this ruling. These documents are not included in the instant appellate record.

Patton State Hospital. Dr. Lawler declared he attempted to obtain defendant's informed consent to be treated with higher dosages of antipsychotic medication but he refused, and that such treatment was medically necessary and appropriate.

On October 10, 2013, the court granted the motion to compel involuntary treatment pending a hearing on the matter.

On October 24, 2013, the court conducted a hearing on the petition. Dr. Lawler testified defendant was diagnosed with a delusional disorder. Defendant was unaware and denied his psychotic condition; he refused to take medication; he was not capable of participating in decisions about his condition and treatment; his condition improved when he received medication pursuant to the involuntary order; and he would benefit from continued medication.

The court granted the state's petition for the involuntarily administer of antipsychotic medication to defendant.

On December 27, 2013, defendant filed a notice of appeal as to the court's order of October 24, 2013, for involuntary administration of antipsychotic medication.[3]

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letters on May 29 and June 9, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

---

[3] The record reflects that on December 12, 2013, the court found defendant was competent and reinstated criminal proceedings. Defendant was held to answer on one count of criminal threats. On February 18, 2014, an information was filed that charged defendant with one count of committing criminal threats against the chief of police. On April 16, 2014, after a bench trial, the court found defendant guilty as charged. On May 14, 2014, the court denied probation and sentenced defendant to the lower term of 16 months. He was released for time served. In a separate appeal (case No. F069404), defendant has challenged his conviction for criminal threats, and that appeal is pending before this court.

4.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.